# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1298

———————————————

United States of America

*Plaintiff - Appellee*

v.

Darren James Ackerman

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: October 18, 2023
Filed: December 8, 2023

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

The district court[1] denied Darren J. Ackerman's motion to suppress evidence of firearms discovered in his basement. Reserving the right to appeal, he pled guilty

———————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, adopting the report and recommendation of the Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

to Possession of Firearms by a Prohibited Person under 18 U.S.C. §922(g)(1). Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Police learned that Ackerman tried to "choke out" his girlfriend, was probably on drugs, and possibly holding their infant daughter hostage at his home. Entering the home, officers found Ackerman standing at the bottom of the stairs to the basement, holding his daughter. Ordered at gunpoint to come up the stairs, he complied. Police searched and handcuffed him. Two officers entered the basement to perform a protective sweep. They saw the butt of a gun sticking out of the open door to a "canning room," which was visible from the bottom of the stairs. Looking into the room, they saw two firearms. Officers also found drug paraphernalia in an open room at the base of the staircase. Based partly on the firearms (and partly on drugs found on Ackerman's person), the officers obtained a search warrant. With it, they discovered more firearms.

Ackerman argues that the search was not a valid protective sweep because the searched rooms did not adjoin the place of his arrest. "'In an appeal from a district court's denial of a motion to suppress evidence, this court reviews factual findings for clear error, and questions of constitutional law de novo.'" *United States v. Gordon*, 741 F.3d 872, 875 (8th Cir. 2013), *quoting United States v. Hollins*, 685 F.3d 703, 705 (8th Cir. 2012). "'We review the district court's conclusion that a protective sweep was justified de novo.'" *United States v. Alatorre*, 863 F.3d 810, 813 (8th Cir. 2017), *quoting United States v. Waldner*, 425 F.3d 514, 517 (8th Cir. 2005).

Under the "protective sweep" exception to the Fourth Amendment, officers may conduct "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." *United States v. Waters*, 883 F.3d 1022, 1026 (8th Cir. 2018), *quoting Maryland v. Buie*, 494 U.S. 325, 327 (1990). "In *Buie* the Supreme Court established a two-prong test for determining whether a protective sweep incident to an arrest was constitutionally permissible." *Waldner*, 425 F.3d at 517. "[A]s an incident to the arrest the officers could, as a

precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Buie*, 494 U.S. at 334. Officers may also search areas where "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.*

In the *Buie* case, the Supreme Court denied suppressing evidence, due to the protective sweep exception. *Id.* at 337. Officers there discovered evidence while searching a basement after the defendant surrendered at the bottom of the basement stairs, "emerged from the basement," and was searched and handcuffed on the first floor. *Id.* at 328. The facts here are nearly identical. The district court found that Ackerman surrendered and was arrested at the bottom of the basement stairs, walked up the stairs, and was searched and handcuffed at the top of the stairs. The officers then entered the basement, discovering firearms in a room immediately adjoining the area at the bottom of the stairs. These findings are not clearly erroneous.

The district court properly concluded that the arrest occurred at the bottom of the stairs, where Ackerman first submitted to their authority. *See United States v. Flores-Lagonas*, 993 F.3d 550, 559 (8th Cir. 2021) ("A Fourth Amendment seizure occurs 'when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'"), *quoting Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (an arrest occurs where there is "*either* physical force … *or*, where that is absent, *submission* to the assertion of authority."). The room with the firearms immediately adjoined the area at the bottom of the stairs. The protective sweep complied with the Fourth Amendment.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

\* \* \* \* \* \* \*